IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN ALLEN WHEELER, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:22-cv-00403-MTT-CHW |
| Warden JOSEPH POLITE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

**ORDER**

Plaintiff Johnathan Allen Wheeler has filed a Motion for Hearing (Doc. 25), a Motion to Notify the Proper Authorities and Police Departments of Plaintiff's Need to Report Assaults (Doc. 26), a Motion for Mental Health Evaluation (Doc. 27), and a Motion to Appoint Counsel (Doc. 32).[1] For the following reasons, these motions are **DENIED.**

In his Motion for Hearing, Plaintiff asks for an *ex parte* hearing "in hopes to obtain professional mental, medical, and legal assistance to ensure the expeditious and proper resolution to Plaintiff's § 1983 claims." (Doc. 25 at 2). Plaintiff claims that this assistance is necessary because he "needs legal guidance with retrieval of discovery material" and because of various impediments to his ability to conduct legal research while incarcerated. (*Id.* at 1-2). Although Plaintiff claims to have faced significant difficulties conducting legal research, there is no indication that he has suffered any actual injury because of these difficulties. *See Lewis v. Casey*,

---

[1] For the purposes of clarity, the Court notes that Plaintiff also filed an Amended Complaint (Doc. 30) and new Motion for Leave to Proceed *In Forma Pauperis* (Doc. 31) in this case. However, these filings do not concern the claims or facts at issue in this case. Moreover, the Amended Complaint is an exact copy of a complaint filed in a separate and ongoing case by Plaintiff. *See Wheeler v. Polite*, 5:23-cv-164 (TES) (CHW) Doc. 1 (M.D. Ga. May, 17, 2023). Accordingly, the Amended Complaint (Doc. 30) and the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 31) are **DISMISSED as moot.**

518 U.S. 343, 350-51 (1996) (explaining that actual injury is required to show that an inmate has been denied access to the courts through a lack of legal assistance, legal research materials, a law library, or other resource for *pro se* legal work). Plaintiff has also failed to show that an *ex parte* hearing is necessary. *Ex parte* hearings are disfavored, as "a fair hearing requires" that all parties have "'a reasonable opportunity to know the claims of the opposing party and to meet them.'" *In re Paradyna Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (quoting *Morgan v. United States*, 304 U.S. 1, 18 (1938)). Finally, to the extent that Plaintiff is requesting "legal assistance" in the form of counsel, the Court has previously explained why appointing counsel is not appropriate at this point in the case. (Doc. 9 at 2-3). The Court's explanation is repeated below in response to Plaintiff's Motion to Appoint Counsel (Doc. 32). In sum, Plaintiff has not shown that there is any valid reason to hold a hearing at this stage in the case, especially an *ex parte* hearing. Accordingly, Plaintiff's Motion for Hearing (Doc. 25) is **DENIED.**

In Plaintiff's Motion to Notify the Proper Authorities and Police Departments of Plaintiff's Need to Report Assaults, he asks that the Court notify the "proper authorities and police departments of Plaintiff's need to report the assaults" that Plaintiff alleges various prison officials have committed against him. (Doc. 26 at 2). Plaintiff acknowledges that prison officials have told him that he is free to contact the police himself and that his family members have contacted various authorities on his behalf. (*Id.*) More relevantly, it would not be appropriate for this Court to contact the police or other "proper authorities" on behalf of a prisoner petitioner because of alleged attacks by prison officials. It has long been held that federal courts should not insert themselves into the internal operation and administration of state prisons lightly. *Granville v. Hurt*, 441 F.2d 9 (5th Cir. 1969).[2] More specifically, courts should not interfere in matters of prison

---

[2] Decisions made by the former Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. Cty. Of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

administration or inmate discipline, as "prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ort v. White*, 813 F.2d 318, 321-22 (11th Cir. 1987). That is not to say that the alleged assaults and violence against Plaintiff amount to prison administration or discipline. Rather, the appropriate method for this Court to address Plaintiff's allegations is through the determination of Plaintiff's claims in the normal course of this case, not by independently contacting police or other external entities on Plaintiff's behalf. Accordingly, Plaintiff's motion (Doc. 26) is **DENIED.**

In Plaintiff's Motion for a Mental Health Evaluation, Plaintiff requests a professional mental health evaluation on the basis that his mental condition is and continues to be a factor in his § 1983 claims. (Doc. 27 at 1). Plaintiff also requests a medical exam on his "lungs, kidneys, eyes, ears, head, rectum, skin, and nerves, as a result of blunt force trauma and chemical burns sustained during the assaults." (*Id.*) Plaintiff specifically asks that the requested medical exams be conducted by medical professionals who are not employed by the Georgia Department of Corrections and that the medical professionals be allowed to have no direct contact with the Georgia Department of Corrections. (*Id.*) While the Court may, upon a party's motion, order a party to undergo a medical examination under Rule 35 of the Federal Rules of Civil Procedure, Rule 35 only authorizes the Court to compel a party to submit to a physical or mental evaluation at another party's request; it does not, however, authorize the Court to pay for such an examination and does not authorize the Court to provide expert services for an indigent party proceeding *pro se* and seeking his own examination. *See Clark v. Fye*, No. 5:18-cv-00071-MTT-MSH, 2020 WL 2482119, at *2 (M.D. Ga. Jan. 13, 2020) (citing *Brown v. United States*, 74 F. App'x. 611, 614 (7th Cir. 2003)).

Rule 35 also requires a party to show good cause to compel a medical exam, which requires an affirmative showing by the movant that the physical or mental condition of the party in question is genuinely in controversy and that the exam requested is appropriate. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Plaintiff has not made such a showing. Plaintiff has not shown that the specific examination requested is required— in fact, Plaintiff has barely specified what kind of examination he believes he needs or why. Plaintiff broadly requests "a professional mental health evaluation" and a "medical examination on his lungs, kidneys, eyes, ears, head, rectum, skin, and nerves." (Doc. 27 at 1). The only reason Plaintiff provides for his request is that his "mental stability and condition is and continues to be a factor in his § 1983 claims," but relevancy is insufficient to establish the good cause required for the Court to order a medical exam. *Schlagenhauf*, 379 U.S. at 118. Because Plaintiff has not shown good cause for a medical examination at this point and because Plaintiff has shown no authority for the Court to provide expert services on his behalf, Plaintiff's motion (Doc. 27) is **DENIED.**

Finally, Plaintiff again moves for appointment of counsel, arguing that his imprisonment impedes his ability to litigate and that counsel would better enable him to present evidence at trial. (Doc. 32 at 1). As the Court has previously explained:

> "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[3]  But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam).

---

[3] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

> In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointed counsel is also denied. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

(Doc. 9 at 2-3). Accordingly, Plaintiff's motion (Doc. 32) is **DENIED.**

For the reasons explained above, Plaintiff's motions (Docs. 25; 26; 27; 32) are **DENIED.** Plaintiff's Amended Complaint (Doc. 30) and Motion for Leave to Proceed *In Forma Pauperis* (Doc. 31) are **DISMISSED as moot.**

**SO ORDERED**, this 1st day of June, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge