IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN ALLEN WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:22-cv-00403-MTT-CHW |
| | : | |
| Warden JOSEPH POLITE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

Before the Court are three motions filed by Plaintiff: A "Motion Demanding the Court's Immediate Attention to the Blatant and Grossly Violated Orders and Recommendations of Objections by Defendants Pursuant to 28 U.S.C. § 636(b)(1) and Bar any Further Filings by Defendants" (Doc. 70); "Plaintiff's Amended Motion in Continuation and Support to his 'Plaintiff Rebuttal for Defendants' Motion to Dismiss Complaint' with 16 Grievance Receipts (Submitted in as Exhibit 1)" (Doc. 72); and "Plaintiff's Motion Requesting Orders from the Courts Regarding Plaintiff's Motions filed on 07/23/23, a Second Motion Filed on 07/23/23, a Third Motion Filed on 07/26/23, and a Fourth Motion Filed on 09/29/23, All Pertaining to Defendants' Motions to Dismiss" (Doc. 83).

The docket shows that there are three pending motions to dismiss from Defendants Williams (Doc. 33), Johnson (Doc. 59), and Brown (Doc. 77). For each motion, the Court gave notice to Plaintiff and ordered him to respond. (Doc. 35, 63, 78). After the first motion to dismiss, the Court also gave Plaintiff the option of relying on his initial response brief in lieu of filing another brief. (Doc. 63). Plaintiff has already filed responses to Defendant Williams and Johnson's motion to dismiss (Docs. 46, 71, 78), but the docket shows that Plaintiff has not filed a separate

response to Defendant Brown's motion to dismiss.

In his most recent "Motion Requesting Orders" (Doc. 83), Plaintiff asserts that there are four motions, two from July 23, 2023, one from July 26, 2023, and another from September 29, 2023, which require a decision so that "he knows to file his rebuttal to Defendants' motions to dismiss or not." (Doc. 83). The docket shows only two pending motions from Plaintiff, one dated July 23, 2023 (Doc. 70), and one from July 26, 2023. (Doc. 72). The other document from July 23, 2023 (Doc. 71), was docketed as a response to Defendant Johnson's motion to dismiss. Nothing on the docket reflects either a submitted or filed motion dated on or about September 29, 2023. To the extent that Plaintiff asks the Court to accept the July 26, 2023 submission as a motion to supplement his response to the motions to dismiss (Doc. 72), the motion is granted.

In the submissions listed in his latest motion, Plaintiff asserts that Defendants' motions to dismiss are untimely filed based, in part, on their failure to object to the Court's recommendation within 14 days. *See, e.g.*, (Doc. 70, p. 4). Plaintiff is mistaken about how and from when a defendant's time for responding to a complaint is measured. The deadline for objections to a recommendation has no bearing on when a defendant's answer or other responsive pleading is due. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant's deadline for responding to a complaint is based upon when the waiver of service was sent if service is waiver or when a defendant is personally served. In this case, Defendants' pending motions to dismiss are timely.

*Timing of Defendant Williams' Motion to Dismiss*

On May 1, 2023, Defendant Williams acknowledged service for a waiver sent on March 28, 2023. (Doc. 28). Because he acknowledged service, he had 60 days to respond to Plaintiff's complaint. Fed. R. Civ. P. 12(a)(1)(A)(ii). Sixty days from March 28, 2023, was Saturday, May

27, 2023, which moved the deadline to Tuesday, May 30, 2023, because Monday, May 29, 2023, was Memorial Day, a federal holiday. Fed. R. Civ. P. 6(a)(1)(C). Therefore, Defendant Williams' pre-answer motion to dismiss, filed on May 30, 2023, was timely. (Doc. 33).

*Timing of Defendant Johnson's Motion to Dismiss*

Defendant Johnson was personally served on June 28, 2023. (Doc. 45). He then had 21 days, or July 19, 2023, to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). On July 14, 2023, Defendant Johnson moved to join Defendant's Williams previously filed motion to dismiss. (Doc. 59). Defendant Johnson, therefore, timely responded to Plaintiff's complaint.

*Timing of Defendant Brown's Motion to Dismiss*

Defendant Brown was personally served on July 24, 2023. (Doc. 69). She then had 21 days, or August 14, 2023, to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Counsel for Defendant Brown entered appearance on August 9, 2023 (Docs. 73, 74) and asked for an extension of time to respond to Plaintiff's complaint. (Doc. 75). The Court granted the request, which extended Defendant Brown's deadline to respond until September 13, 2023. (Doc. 76). On September 12, 2023, Defendant Brown timely filed her pre-answer motion to dismiss. (Doc. 77).

As explained above, Plaintiff's attempt to strike Defendants' motions to dismiss is unwarranted because the motions are timely. The motion (Doc. 70) is **DENIED**. The deadline for Plaintiff to respond to Defendant Brown's motion to dismiss has passed, but out of an abundance of caution, the Court extends the deadline until December 1, 2023. Because the Court has addressed Plaintiff's motion, his motion for a ruling (Doc. 83) is **DISMISSED as moot**.

## Defendants Clupper and Davis

On September 19, 2023, Defendants Clupper and Davis were personally served by a deputy U.S. Marshal. (Docs. 81, 82). To date, neither Defendant has responded to Plaintiff's complaint.

Because Defendant Clupper and Davis's time for responding to Plaintiff's complaint has passed, the Clerk of Court is hereby **DIRECTED** to enter a default against Defendants Clupper and Davis upon the docket. <u>Plaintiff shall file a motion for default judgment by December 1, 2023. Failure to comply may result in his claims against these Defendants being dismissed for failure to prosecute.</u> The motion for default judgment shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion. A copy of this order shall be mailed to Defendants at the address at which service was perfected.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion demanding the Court's immediate attention (Doc. 70), **GRANTS** Plaintiff's motion to amend his response (Doc. 72) and accepts the supplemental materials included with the motion, and **DISMISSES as moot** his motion (Doc. 83) requesting a ruling on his motions. Plaintiff has until <u>December 1, 2023</u>, to respond to Defendant Brown's motion to dismiss.

The Clerk of Court is **DIRECTED** to enter a default against Defendants Clupper and Davis. Plaintiff is directed to file a motion for default judgment by <u>December 1, 2023</u>.

**SO ORDERED**, this 3rd day of November, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge