IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN ALLEN WHEELER, | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 5:22-cv-403-MTT-CHW |
| v. | : | |
| | : | |
| WARDEN JOSEPH POLITE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |

**ORDER**

Plaintiff Johnathan Allen Wheeler has filed a motion requesting "the courts to allow him to add as a continuation a brief in support to his rebuttal for motion to dismiss for Defendant Raymond Johnson" (Doc. 104) and a motion requesting "the courts to administer or allow Plaintiff to submit to a polygraph/lie detector exam" (Doc. 106). These motions were received by the Court on January 25, 2024, but were not docketed until January 29, 2024, after a recommendation was entered on January 26, 2024, addressing various motions, including Defendants' motions to dismiss and motions to open default.

In the first motion, Plaintiff asks permission to file a surreply brief in support of his response to Defendant Johnson's motion to dismiss. This motion is unwarranted and untimely. Defendant Johnson's motion to dismiss (Doc. 59) was filed on July 14, 2023. Plaintiff filed responsive briefs on July 28, 2023, (Doc. 71) and August 1, 2023 (Doc. 72). Defendant Johnson, whose motion to dismiss simply adopts arguments raised in a prior motion to dismiss by Defendant Wheeler (Doc. 33), did not file a reply brief. Plaintiff

1

responded to Defendant Wheeler's motion to dismiss on July 3, 2023 (Doc. 46), and Defendant Wheeler filed a reply brief on July 21, 2023 (Doc. 68). Surreply briefs are not authorized under the local rules of this Court, and Plaintiff has not shown good cause for submitting such a brief now, six months after the briefing was complete on both motions. Moreover, Plaintiff's proposed surreply brief (Doc. 103) is merely cumulative of arguments Plaintiff has already presented. Plaintiff reiterates his arguments that the Defendants and other officers have falsified documents and submitted perjured testimony. These arguments are addressed in the Recommendation. (Doc. 102, p. 10). Accordingly, Plaintiff's motion to file a surreply (Doc. 104) is **DENIED**.

In his second motion, Plaintiff asks the Court to order or administer a polygraph examination to establish the truth of the allegations in his complaint and of his contention that Defendants have falsified documents and submitted perjured testimony in support of their motions to dismiss. The Court has no authority to order and administer such an examination. In addition, "[o]pinions based on polygraph examinations are seldom, if ever, admissible into evidence." *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1284 (11th Cir. 2010). *See also, United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2005)(affirming exclusion of polygraph evidence under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). Accordingly, Plaintiff's motion for the Court to administer a polygraph (Doc. 106) is **DENIED**.

**SO RECOMMENDED**, this 30th day of January, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge