IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN A. WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:22-cv-403-MTT-CHW |
| | : | |
| Warden JOSEPH POLITE, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Plaintiff Wheeler has several pending cases[1] before the Court. He has filed several miscellaneous motions, some in more than one case. As discussed below, none of the motions have merit.

*Plaintiff's Request for Information (Doc. 110)*

Plaintiff has filed a request for information, which was docketed as a motion, in which he asks the Court for direction on how to report a crime to the police department. Plaintiff has previously filed a similar motion in this case. *See* (Doc. 26). For the reasons explained to Plaintiff with regard to that motion (Doc. 37, p. 2-3), the present motion (Doc. 110) is **DENIED**.

*Plaintiff's Motion to the Courts to Request Perjury Charges Be Brought Against Alex Tillman (Doc. 111)*

Plaintiff contends that Special Management Unit (SMU) Grievance Coordinator

---

[1] Also pending before the Court are, *Wheeler v. Polite*, 5:23-cv-199-MTT-CHW (opened June 5, 2023) and *Wheeler v. Polite*, 5:23-cv-164-TES-CHW (opened May 17, 2023).

1

Alex Tillman, in this and another case, lied about the number of grievances Plaintiff filed while at SMU. (Doc. 111). Plaintiff alleges that Tillman failed to follow the grievance policy and intentionally lied about keeping accurate records, which has caused Plaintiff harm. Plaintiff wants Tillman prosecuted.

Plaintiff has already made similar allegations against Tillman in this case. (Docs. 46, 72). Even if it were within the purview of the Court to levy criminal charges against a declarant in this context, the record does not show that Tillman perjured himself. As the Court has explained, Plaintiff's allegations of perjury are without merit and the evidence before the Court was consistent with Tillman's declaration. (Docs. 102, 117). Plaintiff's request to have Tillman charged with perjury (Doc. 111) is **DENIED**.

*Plaintiff's Concerns with Discovery (Doc. 118)*

In all three of his pending cases, Plaintiff has filed a document in which he voices his concerns that Defendants will seize the opportunity to destroy relevant and beneficial evidence while discovery is stayed. (Doc. 118). Without providing any specific details, he argues that he has evidence to support his claims, and he asks that the Court "block or freeze all Plaintiff's institutional records." (*Id*.) As Defendant acknowledges, discovery has been stayed in this case. (Doc. 33). Several defendants have also been dismissed. (Doc. 117). Moreover, the Court knows of no authority which permits it to order the remaining Defendants, some of whom arguably have no control over Plaintiff's records, to freeze or otherwise preserve unspecified records. To the extent that Plaintiff's motion could be construed as a motion to compel or as suggesting that there is a spoliation issue, such a motion would be premature at this time because the parties have not exchanged discovery

and Plaintiff is not yet in a position to argue what evidence, if any, has not been preserved. Therefore, Plaintiff's motion (Doc. 118) is **DENIED**.

    **SO ORDERED**, this 6th day of June, 2024.

                                  s/ Charles H. Weigle
                                  Charles H. Weigle
                                  United States Magistrate Judge