IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNATHAN ALLEN WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-403 (MTT) |
| ) | |
| Warden JOSEPH POLITE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Jonathan Allen Wheeler filed untimely objections (Docs. 119; 120) to the United States Magistrate Judge's January 26, 2024 Recommendation that Defendants Williams's, Johnson's, and Brown's motions to dismiss be granted (Doc. 102). Although Wheeler did not move for an extension of time to file objections, or offer any reasons for why his objections were untimely, the Court construes the untimely objections as a motion to reconsider the Court's February 21, 2024 Order (Doc. 117) adopting the Magistrate Judge's Recommendation and dismissing Wheeler's claims against Williams, Johnson, and Brown. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

On November 14, 2022, Wheeler—an inmate in the custody of the Georgia Department of Corrections ("GDC")—filed this pro se 42 U.S.C. § 1983 action alleging various constitutional claims stemming from his incarceration at the Special Management Unit ("SMU") in Jackson, Georgia. Docs. 1; 1-1. Wheeler joined and

served the following defendants: Captain Gregory Davis, Mental Health Counselor Brown, Nurse Johnson, Lieutenant Derek Clupper, and SMU Warden Joseph Williams. Docs. 28; 45; 69; 82; 81.

Williams, Johnson, and Brown moved to dismiss Wheeler's claims against them because Wheeler failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Docs. 33; 59; 77. On January 26, 2024, United States Magistrate Judge Charles Weigle recommended that Williams's, Johnson's, and Brown's motions to dismiss for failure to exhaust be granted. Doc. 102

On February 21, 2024, this Court fully adopted the Magistrate Judge's January 26, 2024 Recommendation (Doc. 102) without objection. Doc. 117. Eight days later, on February 29, 2024, the Court received two documents from Wheeler. Docs. 119; 120. Both documents were in envelopes with postmark dates of February 26, 2024. Docs. 119-1; 120-2. Wheeler titled one document, "Objections to Report and Recommendation" ("objection"). Doc. 119. The date on the objection is February 17, 2024. *Id*. Wheeler titled the other document, "Plaintiff's Continuation to Objection to Order and Recommendation" ("continuation"). Doc. 120. Wheeler signed but did not date the continuation.

## II. DISCUSSION

Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotation marks omitted). Absent evidence to the contrary, courts assume that a prisoner delivered a filing to prison authorities on the date that he signed it. *Id*. Wheeler's objection is signed and dated February 17, 2024

-2-

and his continuation of the objection is signed but not dated. A continuation of his objection would have been dated no earlier than the objection itself. The Court assumes, therefore, that the continuation is dated, at earliest, the same day of the objection, February 17, 2024. Thus, both the objection and continuation are untimely, having been filed twenty-two days after the Recommendation (Doc. 102). Docs. 119; 120. Even though Wheeler never moved for an extension of time to file objections and fails to offer any reasons for why his objections were untimely, the Court construes the untimely objection (Doc. 119) and continuation (Doc. 120) as a motion for reconsideration under Local Rule 7.6.

Under Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

First, there is no basis to reconsider the Court's February 21, 2024 Order dismissing Wheeler's claims against Williams, Johnson, and Brown (Doc. 117). Wheeler has not identified any intervening change in the law, newly discovered

evidence, or manifest injustice that would justify reconsideration of this Court's previous order.  Instead, the only new allegations raised by Wheeler's untimely objection and continuation concern incidents that occurred after he filed this action; therefore, they have no bearing on whether Wheeler fully exhausted administrative remedies before he filed this lawsuit.  Docs. 119; 120.  Thus, Wheeler's motion for reconsideration is **DENIED.**

Second, even if Wheeler's objections had been timely, it would not have changed the outcome of the Court's February 21, 2024 Order (Doc. 117).  Wheeler's claims against all defendants generally concern alleged use of force incidents in July and October 2021.  Docs. 1; 1-1.  Williams, Johnson, and Brown moved to dismiss Wheeler's complaint and submitted credible evidence that Wheeler filed only two grievances that are or may be related to the incidents alleged in his complaint, but Wheeler dropped both grievances before fully exhausting them.  Docs. 33; 59; 77.  This evidence included grievance resolution forms signed by Wheeler showing that he voluntarily dropped both grievances.  Doc. 33-2.  Although Wheeler makes conflicting representations about whether or not he signed the first drop form,[1] he does not dispute that both grievances were never appealed and therefore not fully exhausted.  Docs. 119; 120 at 1.  And because Wheeler did not appeal either of these grievances, he did not take all the steps necessary to exhaust prior to filing this lawsuit.  42 U.S.C. § 1997e.

---

[1] Wheeler claims he never signed a drop form related to either July 2021 "grievances," but Wheeler filed only one grievance in July 2021.  Docs. 33-2 at 31; 120 at 1.  Wheeler then admits he signed a drop form, which he suggests was related to a different grievance, but claims it did not contain a control number.  Doc. 120 at 1.  He does not deny that he signed a drop form related to the second potentially related grievance in in January 2022.  Docs. 119; 120; see Doc. 33-2 at 48.

Wheeler has otherwise failed to show that the grievance process was unavailable.[2] Docs. 119; 120. Wheeler's objection and continuation generally argue that Alexander Tillman and former Grievance Coordinator Charles Hargrove falsified, manipulated, or destroyed records of his grievance history and that they denied him the opportunity to appeal or file his grievances. Docs. 119 at 2; 120 at 1-2. Wheeler previously raised these arguments, and they were addressed by the Magistrate Judge. Docs. 46; 72; 102. The arguments were also addressed by this Court when it adopted the Recommendation (Doc. 102), and the Court found they lacked merit. *See* Doc. 117 at 3. Wheeler's only new allegations claim that the defendants interfered with his ability to file grievances in January 2024 and February 2024. Doc. 120 at 3. This of course has no bearing on whether Wheeler fully exhausted the administrative remedies available to him before filing this lawsuit in 2022. Thus, even if Wheeler had timely objected, the Court would have adopted the Recommendation (Doc. 102).

In sum, construing Wheeler's untimely objection and continuation as a motion for reconsideration, the motion is **DENIED** because Wheeler fails to identify any intervening change in the law, newly discovered evidence, or manifest injustice that would justify reconsideration. Wheeler has also failed to show the Court made a clear error in its previous order.

---

[2] If anything, the sixteen grievance receipts previously submitted by Wheeler (Doc. 72-1) undermine his allegations that the grievance process was denied to him and show that he frequently availed himself of the process. Doc. 72 at 2 ("They did not allow prisoners the opportunity to exhaust entirely."); *see also Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

## III. CONCLUSION

For the foregoing reasons, the Court construes Wheeler's untimely objections (Doc. 119; 120) as a motion for reconsideration, which is **DENIED**. Even if Wheeler had timely objected, the Court still would have adopted the January 26, 2024 Recommendation.

**SO ORDERED**, this 3rd day of September, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT